

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00202-CR

---

MISTY RENEA PRICE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 69th District Court
Dallam County, Texas
Trial Court No. 4958, Honorable Kimberly Allen, Presiding

---

July 21, 2026

## MEMORANDUM OPINION

### Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Misty Renea Price, appeals from the trial court's order revoking her community supervision and imposing the previously suspended five-year sentence for the offense of assault family violence, enhanced by a prior conviction, a third-degree felony.[1] Appellant's court-appointed appellate counsel has filed an *Anders* brief and a motion to

---

[1] See TEX. PENAL CODE § 22.01(b)(2)(A).

withdraw.  Because our independent review confirms that no arguable ground for appeal exists, we grant counsel's motion and affirm.

## BACKGROUND

In 2023, Appellant pleaded guilty to the offense of assault family violence, enhanced by a prior conviction, and was placed on community supervision for five years. The State later filed several motions to revoke.  Its third amended motion alleged ten violations of the conditions of supervision: (a) using methamphetamine; (b) using marijuana; (c) failing to report to the community supervision department for twenty-two months; (d) failing to make court-ordered payments for twenty-two months; (e) failing to complete seven hours of community service; (f) failing to attend and complete the drug offender education program; (g) failing to attend and complete rational behavioral therapy; (h) committing the offense of possession of methamphetamine; (i) being arrested for possession of methamphetamine; and (j) committing the offense of failure to appear.

Appellant pleaded "true" to allegations (a) through (d), and "not true" to the remaining allegations.  At the close of the hearing, the trial court found allegations (a), (b), (c), (d), (e), (f), (i), and (j) true, and found allegations (g) and (h) not true.  The court revoked  Appellant's community supervision and sentenced her to five years of confinement in the Institutional Division of the Texas Department of Criminal Justice.  This appeal followed.

## *ANDERS* REVIEW

When appointed appellate counsel, after a conscientious examination of the record, concludes that an appeal is frivolous, counsel must file a brief identifying anything

in the record that might arguably support the appeal. *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Counsel must also serve the client with a copy of the brief and the motion to withdraw and inform the client of the right to file a pro se response and a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). This Court, in turn, must independently examine the entire record to determine whether any nonfrivolous issue exists. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Appellant's counsel has certified that, after diligently searching the record, he has found no reversible error upon which an appeal can be predicated. He provided Appellant with a copy of the *Anders* brief, the motion to withdraw, and the appellate record, and he notified her of her rights to file a pro se response and a pro se petition for discretionary review. Appellant filed a pro se response.

We have carefully reviewed counsel's *Anders* brief and Appellant's pro se response. Our independent review confirms counsel's assessment that the appeal is wholly frivolous and without merit. *Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005). Proof of any single violation of the conditions of community supervision is sufficient to support revocation. *Shirley v. State*, No. PD-0239-22, 2023 Tex. Crim. App. Unpub. LEXIS 369, at *14 (Tex. Crim. App. Aug. 23, 2023). Appellant's pleas of "true" to allegations (a) through (d), standing alone, support the trial court's revocation order. *Id.*

Appellant raises three concerns, none of which supplies an arguable ground for reversal. Two of them rest on matters outside the appellate record: that a conflict of interest existed because counsel's private investigator is friends with the district attorney,

3

and that the district attorney represented her husband in 2015. Claims requiring development of facts outside the record are not proper for direct appeal. *See Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012).

Appellant's remaining concern is that she was denied the ability to represent herself. Invocation of the right of self-representation must be clear and unequivocal. *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975); *Osorio-Lopez v. State*, 663 S.W.3d 750, 756 (Tex. Crim. App. 2022). At a pretrial hearing, Appellant referred in passing to the possibility of self-representation while simultaneously discussing her desire to obtain new counsel. She then told the trial court that she would be able to hire new counsel, and the trial court granted her a continuance for that purpose. The record reflects no clear or unequivocal invocation of the right to self-representation, and no such request appears in any later proceeding.

## CONCLUSION

Finding no arguable ground for appellate review, we grant counsel's motion to withdraw and affirm the trial court's judgment.[2]

Lawrence M. Doss
Justice

Do not publish.

---

[2] Counsel shall, within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is informational and ministerial in nature, does not involve legal advice, and continues after this Court grants counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.